IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



LINDA REEVES and STEVEN REEVES,
    Plaintiffs,
-vs-

HOME DEPOT, U.S.A., INC. d/b/a THE
HOME DEPOT
    Defendant.

CAUSE NO.:
AU-16-CA-00615-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Home Depot, U.S.A., Inc. d/b/a The Home Depot (Home Depot)'s Motion for Summary Judgment [#27], Plaintiffs Linda and Steven Reeves's Response [#35] in opposition, and Home Depot's Reply [#43] in support. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and order.

### Background

On October 19, 2015, Linda and Steven Reeves were shopping in a Home Depot in Kyle, Texas. Resp. Mot. Summ. J. [#35] at 1. While browsing the cabinet aisle of the Home Depot, Plaintiffs encountered an unattended "order picker." Mot. Summ. J. [#27-1] Ex. B (Linda Reeves Dep.) at 16.[1] An order picker is a type of drivable lift equipment similar to a forklift which is used to load and unload merchandise in store aisles. Resp. Mot. Summ. J. [#35] at 1 n.1. It is a large piece of machinery. Linda Reeves Dep. at 16. Instead of forks, order pickers have a platform that extends forward from the front of the machine. *Id.* at 13.

---

[1] For the sake of consistency, all page number citations refer to CM/ECF page numbering.

Linda Reeves immediately noticed the order picker when she stepped into the cabinet aisle, and in her deposition, she described the order picker as a "big, colorful machine." *Id.* at 13, 16. After spotting the order picker, Linda Reeves walked around it and proceeded to the end of the aisle. *Id.* at 16–17. She then turned around and retraced her steps, walking past the order picker for a second time. *Id.* at 16–17. Linda Reeves then reversed course again and began to walk down the aisle past the order picker for a third time, this time accompanied by her husband. *Id.* at 16–17. On this third trip past the order picker, Linda Reeves tripped over the end of the order picker's platform and fell to the ground, fracturing her right shoulder. *Id.* at 16–17; Resp. Mot. Summ. J. [#35] at 2.

In her deposition, Linda Reeves testified that she had not noticed the platform of the order picker because she was distracted looking at the cabinets on the shelves and because the platform "was not as colorful" as the order picker itself. Linda Reeves Dep. at 18; *see also* Resp. Mot. Summ. J. [#35-1] Ex. A at 6–7 (testifying platform was the same color as Home Depot's concrete floor). At the time of the incident, the platform of the order picker was empty of merchandise. Linda Reeves Dep. at 18. Home Depot had not placed any cones or flags on the end of the platform to draw it to the attention of its shoppers. Resp. Mot. Summ. J. [#35] at 2.

Following Linda's injury, the Reeveses brought premises liability, negligent activity, and loss of consortium claims against Home Depot in state court. Notice Removal [#1-2] Ex. B-2 (Original Pet.). The action was subsequently removed to this Court on the basis of diversity jurisdiction, and Home Depot has moved for summary judgment. Not. Removal [#1]; Mot. Summ. J. [#27]. This pending motion is now ripe for review.

## Analysis

I.   **Legal Standard**

   A.   **Summary Judgment**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence establishing the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to

articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## Application

The Court first addresses the negligent activity claim. It then turns to the premises liability claim.

### I. Negligent Activity

Negligent activity is "a malfeasance theory based on affirmative, contemporaneous conduct" by the property owner. *Austin v. Kroger Texas, L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). Linda Reeves's injury occurred when she tripped over a stationary and unattended Home Depot order picker. Because there was no ongoing activity, Plaintiffs' negligent activity claim fails as a matter of law. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992) ("Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity.").

## II. Premises Liability

A defendant in a premises liability action is liable only to the extent the defendant has breached a duty owed to the plaintiff. *Austin*, 746 F.3d at 198 (citing *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 217 (Tex. 2008). Whether a duty exists is a question of law which requires the Court to evaluate "the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant." *Austin*, 746 F.3d at 198 (internal quotation marks and citations omitted); *see generally Michalski v. Home Depot, Inc.*, 225 F.3d 113, 118 (2d Cir. 2000) ("Foreseeability of a risk arising from a potential plaintiff's presence on defendant's property is the measure of liability, and it is the essential factor in determining the nature and scope of the duty that the landowner owes the plaintiff.").

In general, Texas imposes a duty on landowners to exercise ordinary, reasonable care towards invitees. *See Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203–04 (Tex. 2015). This duty requires landowners "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Id.* Conversely, landowners generally have no duty to warn of conditions "which are open and obvious or otherwise known to the invitee." *See id.* (explaining open and obvious conditions "will, in most cases, no longer pose an unreasonable risk [of harm]");[2] *but see Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 522 (Tex. 1978) ("The phrase [open and obvious] is better

---

[2] Technically, the question of whether a condition poses an unreasonable risk of harm is a question of fact, whereas duty is a question of law. Therefore, to the extent that the open and obvious nature of a condition affects defendants' duty, it must do so by reducing the foreseeability of the harm, rather than affecting the reasonableness of the risk. *See Michalski*, 225 F.3d at 118 ("Foreseeability of a risk arising from a potential plaintiff's presence on defendant's property is the measure of liability . . . .").

5

considered as a summation of strong facts that display contributory negligence as a matter of law.").[3]

Therefore, to determine whether a condition is open and obvious such that the landowner owes no duty with respect to that condition, the Court must evaluate the risk, foreseeability, likelihood of injury, and consequences of placing the burden on the landowner. *See Austin*, 465 S.W.3d at 203–04; *Austin*, 746 F.3d at 198.

Among other things, this requires the Court consider the nature and character of the premises as a factor in evaluating whether a particular condition is "open and obvious" such that it is likely to be observed by an invitee. *Cf. Del Lago Partners v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010) (holding "nature and character of the premises" may be considered as a factor in evaluating whether harm to invitees is unreasonable and unforeseeable); *Gen. Elec.*, 257 S.W.3d at 215 (explaining appropriateness of "[l]imiting premises liability to concealed hazards" in cases involving independent contractors and lessors relinquishing possession because "[i]n both cases, . . . control is being turned over to someone else in a way that is not true of shoppers, sightseers, or other business invitees"). A landowner may still owe a duty to an invitee with respect to an open and obvious condition where the landowner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious." Restatement (Second) of Torts § 343A(1) cmt. f; *see also id.* § 343A(1) ("A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger

---

[3] *Parker* further explained, "In a case that is controlled by the comparative negligence statute, a plaintiff's contributory negligence that is established as a matter of fact or as a matter of law must then be compared with the negligence of the other parties . . . ." *Id.* Comparative negligence is normally a question of fact to be decided by the jury.

6

is known or obvious to them, *unless* the possessor should anticipate the harm despite such knowledge or obviousness." (emphasis added)).[4]

Once it has been established a duty exists, a plaintiff hoping to prevail in a premises liability cause of action must show: (1) plaintiff was an invitee; (2) defendant was a possessor of the premises; (3) defendant had actual or constructive knowledge of some condition on the premises; (4) the condition posed an unreasonable risk of harm; (5) defendant did not exercise reasonable care to reduce or eliminate the risk; and (6) the defendant's failure to use such care proximately caused the plaintiff's injury. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Rosas v. Buddies Food Stores*, 518 S.W.2d 534, 536–37 (Tex. 1975); *but see Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983) ("[A premises owner's] liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established."). Generally, the question of whether a condition poses an unreasonable risk of harm is a factual determination best suited for the jury. *See Cornell v. Home Depot U.S.A., Inc.*, No. 3-04-CV-2620-BD, 2005 WL 3093605, at *1 (N.D. Tex. Nov. 18, 2005).

Home Depot contends the premises liability claim fails as a matter of law because (1) Home Depot had no duty to warn Plaintiffs of the platform because it is an open and obvious condition; (2) the platform did not constitute an unreasonably dangerous condition; and (3) Linda Reeves was more than 50 percent at fault in failing to observe and avoid the platform protruding from the order picker.[5]

---

[4] Texas jurisprudence appears to follow the Second Restatement's approach to open and obvious conditions. *See, e.g., Austin*, 465 S.W.3d at 203–204 (citing Restatement (Second) of Torts § 343); *see also* Restatement (Second) of Torts § 343 cmt. a ("This Section should be read together with § 343A . . . .").

[5] Texas's proportional liability statute precludes recovery in a tort action if the plaintiff is more than 50 percent at fault. TEX. CIV. PRAC. & REM. CODE §§ 33.001.

7

The Court finds Home Depot had no duty to warn Linda Reeves of the platform because the platform constituted an open and obvious condition. Put a different way, Home Depot had no duty with respect to the order picker's platform because Home Depot could not have foreseen a shopper browsing the store's shelves might overlook and then trip upon the platform. *See Austin*, 465 S.W.3d at 203–04; *Austin*, 746 F.3d at 198; Restatement (Second) of Torts § 343A(1).

Plaintiffs argue Linda Reeves failed to note the platform because it was low to the ground and roughly the same color as Home Depot's concrete floor. Resp. Mot. Summ. J. [#35] at 8. However, the platform did not exist in a vacuum—it was appended to the order picker itself, which Linda Reeves described as a "big, colorful machine." Linda Reeves Dep. at 16. Moreover, Linda Reeves walked past the order picker at least twice before eventually tripping over its platform, and there was nothing obscuring the platform of the order picker from view. Linda Reeves Dep. at 16–17.

Viewing the facts in the light most favorable to the nonmoving party, the Court concludes that Home Depot's duty—a duty which requires the exercise of reasonable care to prevent foreseeable harms—did not require Home Depot to remove the order picker from the aisle or to mark the end of the platform of the order picker to render it more noticeable to the store's shoppers. Any person walking down the aisle should have seen the stationary and openly visible order picker and walked around it, as Reeves did twice before ultimately tripping over its protruding platform. Accordingly, Defendants' motion for summary judgment is GRANTED.[6]

---

[6] Because Steven Reeves' claim for loss of consortium is derivative of Linda Reeves's premises liability claim, the claim for loss of consortium must also fail.

8

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Home Depot's Motion for Summary Judgment [#27] is GRANTED.

SIGNED this the 11th day of January 2018.

_____
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE